**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------X----------------------------
MAURICE PELT                        :
        Plaintiff,               :
                                 :  CASE No.:
  against                          :
                                 :  CIVIL ACTION
                                 :  **SECOND AMENDED**
                                    **COMPLAINT**
THE CITY OF NEW YORK, NEW YORK CITY
HOUSING AUTHORITY; OFFICER JAMES
O'BRIEN; SERGEANT VANCE MERRICK;
DOES 1-10
                                 :  **PLAINTIFF'S DEMAND**
                                 :  TRIAL BY JURY
        Defendant(s)             :
------------------------------------X----------------------------

    TAKE NOTICE, the Plaintiff, Maurice Pelt, hereby appear in this action by his attorneys, The Umoh Law Firm, PLLC, and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Maurice Pelt, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, The New York City Housing Authority ("NYCHA"), Officer James O'Brien, Sergeant Vance Merrick and Does collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendants were in the process of illegally and unlawfully evicting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fifth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fifth and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Maurice Pelt resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendant Does were at all times relevant to this action, officers and employees of the City of New York and the New York Housing Authority and acting under color of state law. Said persons are being sued in both their individual and official capacities.

8. The Defendant, New York City Housing Authority is a municipality in the State of New York and employs the Defendant Does.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Does.

10. The defendant, Officer James O'Brien, is an employee of the City of New York and acting under color of state law. He is being sued in both his individual and official capacity.

11. The defendant Sergeant Vance Merrick is an employee of the City of New York and acting under color of state law. He is being sued in both his individual and official capacities.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. On or about April 16, 2010 NYCHA filed an action to evict Gwendolyn Phillips from apartment 5c at the Van Dyke Housing. Said Housing is owned and operated by the NYC Housing Authority.

13. However, no petition for removal of Mr. Pelt was filed, even though Mr. Pelt had lived at the premises for many years.

14. On or about August 19, 2010, at approximately 9:30 AM, while lawfully dwelling in his home at Van Dyke Houses in Kings County, plaintiff heard what sounded like drilling or some other construction sound at his front it. It sounded like someone was locking him into his apartment.

15. When he exited and inquired as to what was going on, he was told that he was being evicted.

16. He explained that he had no action had been commenced against him, and he certainly never got an order of eviction.

17. The individuals evicting him were police officers employed by the NYPD, along with employees of the NYCHA. They threatened to use force to arrest and evict him if he did not leave the premises.

18. Plaintiff rushed out of his apartment and went to court to obtain an order to prevent the eviction or to be allowed in following the eviction.

19. However, he was never allowed back in, despite the fact that the defendants had no authority to remove, and he had not bee afforded due process. As a result of his eviction, plaintiff lost several of his property and also suffered emotional distress.

20. That even though the defendants knew they should not have evicted him, they did not anyway and worked in unison to unlawfully evict plaintiff.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

22. The unlawful eviction of plaintiff was intentional, malicious, reckless and in bad faith.

23. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

24. As a direct and proximate result of his unlawful eviction Plaintiff has lived in terror of their attack, and continues to suffer from nightmares

25. As a direct and proximate result of defendant's actions, plaintiff was deprived of property without due process.

26. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fifth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

27. Defendant City of New York and NYCHA, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

28. Defendant City of New York and NYCHA, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other officers thereby causing and encouraging officers

including defendants in this case, to engage in unlawful conduct.

29. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be free from abuse of process, and the right to due process.

30. By these actions, defendants have deprived plaintiff of rights secured by the Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

31. A written claim was filed upon the City of New York and NYCHA, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

32. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## **AS A FIRST CAUSE OF ACTION:**

42 U.S.C Section 1983-against all Defendant

33. Plaintiff hereby restate all paragraphs above of this complaint, as though fully set forth below

34. By unlawfully evicting plaintiff without a warrant of eviction, or lawful authority, the defendants denied plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fifth and Fourteenth United States Constitution.

35. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as employees of the City of New York and the NYC Housing Authority. Said

acts by the Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights.

37. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution

38. Plaintiff hereby restate all paragraphs of this complaint, as though fully set forth below

39. By unlawfully evicting plaintiff without lawful authority, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker in of the New York Constitution.

40. In addition, the Defendant conspired among themselves to deprive plaintiff of his constitutional rights secured by New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment of the City of New York and the NYC Housing Authority. Said acts by the Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by the New York Constitution.

42. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City and the NYCHA, as employer of each of the individual Defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the

damages herein-before alleged.

### AS A THIRD CAUSE OF ACTION:

Negligent Infliction of emotional Distress --all Defendants

44. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

45. In unlawfully evicting plaintiff, the Defendants, acting in their capacities as Officers, and within the scope of their employment, each negligently inflicted emotional distress upon plaintiff.

46. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

47. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

48. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

49. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious eviction by the Defendants.

50. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants and security guards, defendant City of New York and NYCHA, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

### SECTION 711 OF THE RPAPL

52. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

53. The Defendants engaged in conduct that violated section 711 of the RPAPL by unlawfully evicting plaintiff.

54. Defendants, their officers, agents servants, and employees were responsible for the damages suffered by the Plaintiff at the hands of the Defendants and security guards, defendant City of New York and NYCHA, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York

55. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

56. Upon information and belief, defendant City of New York and NYCHA, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

57. Upon information and belief, defendant City of New York, and NYCHA owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

58. Upon information and belief, defendant City of New York, and NYCHA knew or should have known through the exercise of reasonable diligence that the Does Defendants were not prudent and were potentially dangerous.

59. Upon information and belief, defendants City of New York, and NYCHA were negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

60. Upon information and belief, because of the defendant's City of New York and NYCHA, negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

### AS A SEVENTH CAUSE OF ACTION:

Negligence against all defendants.

61. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

62. As a direct and proximate result of the negligent acts of all the defendants, as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

63. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

64. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

### AS AN EIGHTH CAUSE OF ACTION:

N.Y.C.Admin.Code Sections 26-521—26-529

65. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

66. The Defendants engaged in conduct that violated N.Y.C.Admin.Code Sections 26-521—26-529 by unlawfully evicting plaintiff and holding him out of the premises.

67. Defendants, their officers, agents servants, and employees were responsible for the damages suffered by the Plaintiff at the hands of the Defendants and security guards, defendant City of New York and NYCHA, as employer of the defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

## AS A NINTH CAUSE OF ACTION:

### Section 853 of the RPAPL

68. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

69. The Defendants engaged in conduct that violated Section 853 of the RPAPL by unlawfully evicting plaintiff and holding him out of the premises.

70. Defendants, their officers, agents servants, and employees were responsible for the damages suffered by the Plaintiff at the hands of the Defendants and security guards, defendant City of New York and NYCHA, as employers of the defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

   **WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at

trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against the all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8. On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

9. On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial

10. Such other and further relief as this Court may deem necessary in the interest of justice.


Dated:
June 12, 2012

Brooklyn, New York


                              Respectfully Submitted



                                   _____/s/_____
                              By:  NKEREUWEM UMOH Esq. [NU-7233]
                                   25 Bond Street,
                                   2nd Floor
                                   Brooklyn, New York 11201
                                   Tel. No. : (718) 360-0527

```
                        Fax No.   : (800) 516-5929
```

Case 1:11-cv-05633-KAM-CLP Document 22 Filed 06/12/12 Page 12 of 12 PageID #: 119

```
                        Fax No.   : (800) 516-5929
```